IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ALFRED JOHNSON,**
1417 Nebraska
Toledo, OH 43607

      Plaintiff,

v.

**CITY OF TOLEDO,**
One Government Center, Suite 2250
Toledo, OH 43604

and

**TOLEDO POLICE DEPARTMENT,**
525 North Erie
Toledo, OH 43604

and

**OFFICER ERIC MACEK,**
525 North Erie
Toledo, OH 43604

and

**OFFICER JOHN DOE,**
525 North Erie
Toledo, OH 43604

      Defendants.

Case No.

Judge

## COMPLAINT

---

NOW COMES Plaintiff **ALFRED JOHNSON**, by and through counsel, and for his Complaint against Defendants states the following:

### PRELIMINARY STATEMENT

1. Plaintiff **ALFRED JOHNSON** brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of Ohio and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff **ALFRED JOHNSON** further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

### VENUE

4. Venue is proper for the United States District Court for the Northern District of Ohio, Western District pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiff **ALFRED JOHNSON** resides in this district.

**JURY DEMAND**

5. Plaintiff **ALFRED JOHNSON** respectfully demands a trial by jury of all issues in this matter pursuant to Fed.R.Civ.P. 38(B).

**THE PARTIES**

6. Plaintiff **ALFRED JOHNSON** ("Mr. Johnson"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Lucas and the State of Ohio.

7. Defendant **CITY OF TOLEDO** ("City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of Ohio.

8. Defendant **TOLEDO POLICE DEPARTMENT** ("TPD"), is a charter agency of the City authorized to perform law enforcement functions in and for the City. Defendant City maintains the TPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department, acting under the direction and supervision of the aforementioned municipal corporation, City of Toledo.

9. Defendant **OFFICER ERIC MACEK**, Badge No. 2459 ("Officer Macek"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in TPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer and was acting under the supervision of said department and according to their official duties.

10. Defendant **OFFICER JOHN DOE** (Full Name and Badge No presently unknown) ("Officer Doe"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in TPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

11. Defendants, Officer Doe, refers to known and unknown named police officers who were at all relevant times hereto employees of defendant TPD and were acting under the supervision of said department and according to their official duties.

12. That at all times relevant herein, Officer Macek was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

13. That at all times relevant herein, Officer Doe was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

14. That at all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of Ohio.

15. That at all times relevant herein, the City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

16. That at all times relevant herein, Officer Macek and Officer Doe were each employees of The City and TPD and that The City and TPD are responsible for the actions and conduct of the individual defendants under the theory of respondeat superior.

17. That at all times relevant herein, Officer Macek and Officer Doe were personnel of The City and TPD.

18. That at all times hereinafter mentioned and upon information and belief, The City and TPD employed and supervised Officer Macek and Officer Doe.

19. Upon information and belief, Officer Macek and Officer Doe were graduates of the Police Academy of The City of Toledo, where they received training and instruction set forth and sanctioned by The City and TPD. Further, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and TPD and said training includes instruction as to custom and practice of The City and TPD and same relates to the arrest procedure. Said custom and practice, and said training and instruction regarding arrests, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.

20. At all times relevant hereto, The City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, Officer Macek and Officer Doe, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

21. At all times relevant hereto, The City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels, Officer

Macek and Officer Doe, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

22. At all times hereinafter mentioned, upon information and belief, Officer Macek and Officer Doe were acting in their capacities as employees, agents or servants of The City.

23. At all times hereinafter mentioned, Officer Macek and Officer Doe were acting under color of law.

24. At all times hereinafter mentioned, the defendants' acts constituted state action.

25. That at all times hereinafter mentioned, Officer Macek and Officer Doe were on duty and/or acting as employees, agents or servants of The City and were also present at the same time and in the same place as plaintiff as aforesaid.

## STATEMENT OF FACTS

26. That or about March 5, 2019, Mr. Johnson was a lawful citizen abiding by all laws, statutes, and ordinances of the State of Ohio and the United States of America.

27. On March 5, 2019, Officer Macek and Officer Doe improperly arrested Mr. Johnson.

28. On March 5, 2019 Mr. John was beaten, battered and assaulted by defendants' police officers.

29. That at that time and all relevant times herein, defendants' police officers had/have submitted no evidence to substantiate any of their claims against Mr. Johnson.

30. That at all times relevant herein, Officer Macek and Officer handcuffed Mr. Johnson unnecessarily and unreasonably tight and painfully restrained his arms behind his back thereby causing injury.

31. That the arresting officer(s) knowingly, intentionally, recklessly or negligently placed Mr. Johnson in excessively tight hand-cuffs and forcefully manipulated his arms, causing his pain and suffering and emotional distress.

32. Mr. Johnson did not resist or obstruct his arrest in any way.

33. That on or about March 5, 2019, Mr. Johnson remained falsely and unlawfully imprisoned in the custody of TPD without any cause, basis or justification where he was forced to defend himself and answer for the aforementioned unjust and baseless criminal charges, which were the subject of the malicious prosecution that was initiated by the defendants.

34. That at all times relevant herein, as a result of the false arrest, Mr. Johnson was falsely and improperly imprisoned and was forced to defend himself against criminal charges that were baseless and maliciously initiated (Toledo Municipal Court, Case No. CRB-19-02598).

35. That the arrest of Mr. Johnson by the individual defendants was perpetrated without a warrant or other legal process and without probable cause.

36. That on or about March 5, 2019 Officer Macek and Officer Doe made false representations, accusations, allegations and complaints concerning Mr. Johnson to agents, servants and/or employees of TPD and The City and the Toledo Prosecutor's Office acted on the representations of the defendants herein and initiated criminal proceedings against the plaintiff herein. Furthermore, the defendants knew that the Toledo Prosecutor's Office would rely upon their representations and the defendants knew that the Prosecutor's Office would file criminal charges and prosecute the plaintiff

based upon their representations and the allegations and facts that these named individual defendants communicated to the Toledo Prosecutor's Office.

37. Additionally, the individual defendants knew that the allegations that they communicated to the Toledo Prosecutor's Office were false, exaggerated, inaccurate and untrue but they communicated said allegations nonetheless, knowing that plaintiff would be subjected to a criminal prosecution and knowing that the plaintiff's freedom and liberty would be jeopardized and, if convicted upon the false charges, plaintiff would be incarcerated, thereby losing his freedom and liberty.

38. That at all times relevant herein, the agents, servants and/or employees of TPD and The City, including, but not limited to, Officer Macek and Officer Doe, knew or reasonably should have known that Mr. Johnson was innocent of all allegations against him.

39. That at all times relevant herein, the agents, servants and/or employees of TPD and The City, including, but not limited to, Officer Macek and Officer Doe, actually knew or reasonably should have known that the allegations against Mr. Johnson were fabricated and fraudulent.

40. That at all times relevant herein, the agents, servants and/or employees of TPD and The City, including, but not limited to, Officer Macek and Officer Doe, conspired to fraudulently and maliciously accuse Mr. Johnson of crimes of which he was innocent ("the malfeasance").

41. That defendants knew, and/or reasonably should have known, that there was no basis whatsoever to charge Mr. Johnson under the false charges.

42. Moreover, the complete and utter lack of merit and baseless nature of any conceivable criminal investigation and/or criminal prosecution of Mr. Johnson was readily apparent

and patently obvious to all defendants but yet said criminal investigation and/or criminal prosecution of Mr. Johnson continued unabated, causing serious injury to Mr. Johnson and infringing, violating and rupturing his civil rights.

43. That defendants' their agents, servants, and/or employees unlawfully and falsely arrested and imprisoned Mr. Johnson in furtherance to the malfeasance.

44. That at all times relevant herein, Officer Macek and Officer Doe used excessive force and physical force upon Mr. Johnson causing him to sustain severe and permanent injuries, despite the fact that plaintiff did not pose a threat to the physical safety of either officer, or to the public at large, or to any third party. Furthermore, the defendants used excessive force against the plaintiff despite the plaintiff's submissive and non-threatening conduct, which was duly deferential and respectful of the defendants' apparent authority as law enforcement officers and/or state actors engaged in a law enforcement capacity.

45. That at all times relevant herein, during the unlawful apprehension, detention, arrest, imprisonment, assault and battery of Mr. Johnson, the TPD police officers used excessive, unnecessary and unwarranted force upon Mr. Johnson, without his consent and without justification or legal basis.

46. That at all times relevant herein, Mr. Johnson suffered extreme, disabling and protracted pain as a result of the excessive force.

47. That at all times relevant herein, notwithstanding that the apprehension, arrest, detention and imprisonment was unjust, unwarranted, without cause, with excessive force and unlawful, Mr. Johnson complied with the officers' commands and did not resist.

48. That at all times relevant herein, defendants, their agents, servants and/or employees, while acting in concert, maliciously and with the intent to injure Mr. Johnson, and

without just cause or any right to do so, handcuffed, detained, and restrained Mr. Johnson against his will, thereby depriving him of his liberty.

49. That the criminal charges filed against Mr. Johnson were falsely and maliciously fabricated by defendants, their agents, servants and/or employees based on false and incomplete information provided by defendants, their agents, servants and/or employees, in violation of Mr. Johnson's civil rights and in furtherance of the malfeasance.

50. That at all times relevant herein, Officer Macek and Officer Doe, with disregard for proper, lawful, appropriate, correct and effective investigative behaviors and procedures, investigated, stopped, detained, accused, arrested and charged Mr. Johnson when it was not right, just, lawful, proper or necessary to do so.

51. That at all times relevant herein, defendants, their agents, servants and/or employees had no cause or basis to stop, question or search Mr. Johnson.

52. That at all times relevant herein, Officer Macek and Officer Doe falsely arrested Mr. Johnson for no reason and without probable cause to do so, then assaulted Mr. Johnson and battered him as described above.

53. That at all times relevant herein, Officer Macek and Officer Doe placed Mr. Johnson under arrest for crimes that he did not commit.

54. That at all times relevant herein, Mr. Johnson was innocent of the false charges made against him further to the malfeasance.

55. That at all times relevant herein, defendants, their agents, servants and/or employees acted maliciously and intentionally.

56. That at all times relevant herein, the arrest, assault, battery and detention of Mr. Johnson were unlawful, unwarranted and unjustified.

57. That at all times relevant herein, defendants, their agents, servants and/or employees knew or should have known that Mr. Johnson was innocent of the crime charged.

58. That at all times herein mentioned, and without proof that Mr. Johnson was in any way connected to a crime, or that any crime was, in fact, committed, and without probable cause to detain or arrest Mr. Johnson, defendants, their agents, servants and/or employees individually, and acting in concert, knowingly, unlawfully, wrongfully and in furtherance of the malfeasance fabricated the false charges against Mr. Johnson and set these charges forth in false and fabricated criminal complaints, falsely sworn by the defendant police officers.

59. The criminal complaints and reports against plaintiff were and are false and fraudulent.

60. Based upon the false criminal complaint and complaint reports prepared, upon information and belief, by the defendant employees, the Toledo Municipal Court arraigned Mr. Johnson on the false charges.

61. That at all times herein, defendants, their agents, servants and/or employees who participated in the arrest and investigation, imprisonment and prosecution of Mr. Johnson were following a custom and practice of retribution and retaliation taken on behalf of Officer Macek and Officer Doe against Mr. Johnson.

62. That at all times herein, Officer Macek and Officer Doe caused the unlawful investigation of Mr. Johnson and the false arrest, unlawful imprisonment and malicious prosecution.

63. That Mr. Johnson was subsequently released on his own recognizance.

64. That Mr. Johnson was required to repeatedly appear in court to defend himself from the false charges.

65. By reason of the foregoing acts of the defendants, and as a direct and proximate result of the acts of the defendants, Mr. Johnson suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

66. By reason of the foregoing acts of the defendants, Mr. Johnson was caused severe and intense emotional and psychological anguish, distress and embarrassment and will continue to suffer same in the future.

67. By reason of the foregoing, Mr. Johnson was compelled to and did necessarily, require medical attention and did necessarily pay and become liable therefore, and will necessarily continue to incur similar expenses in the future.

68. By reason of the foregoing, Mr. Johnson was compelled to, and did necessarily incur legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar legal fees in the future.

**FIRST CAUSE OF ACTION**
**FALSE ARREST**

69. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

70. Defendants had no probable cause to believe that plaintiff had committed a crime and plaintiff did not engage in any conduct that warranted his arrest.

71. As a result of the aforesaid conduct by defendants, Mr. Johnson was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without probable cause, privilege or consent.

72. By reason of their aforesaid conduct, defendants falsely arrested the plaintiff and thereby violated his rights under Ohio state law and under the Fourth and Fourteenth Amendments to the United States Constitution.

73. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Johnson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**SECOND CAUSE OF ACTION**
**UNLAWFUL IMPRISONMENT**

74. Plaintiff repeats, reiterates and realleges each and every allegation set forth in all preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

75. By reason of defendants' aforesaid conduct, plaintiff was detained without his consent and defendants knew he was detained against his consent.

76. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Johnson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged

accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**THIRD CAUSE OF ACTION**
**AGAINST INDIVIDUAL DEFENDANTS VIOLATION OF CIVIL**
**RIGHTS AFFORDED BY 42 U.S.C. § 1983, § 1985 AND § 1988**

77. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

78. The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of his civil, constitutional and statutory rights and have conspired to deprive the plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. § 1983, § 1985 and § 1985.

79. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**FOURTH CAUSE OF ACTION**
**UNREASONABLE AND EXCESSIVE FORCE VIOLATION OF**
**CIVIL RIGHTS AFFORDED BY 42 U.S.C. § 1983, § 1985 AND § 1988**

80. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

81. By their conduct, defendants under color of law deprived Mr. Johnson of his constitutional rights to be free from excessive and unreasonable force.

82. Plaintiff claims compensatory and punitive damages for the injuries set forth above and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**FIFTH CAUSE OF ACTION**
**ASSAULT AND BATTERY**

83. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

84. By reason of defendants' aforesaid acts, specifically in the course of their false arrest and imprisonment of the plaintiff, defendants committed the torts of assault and battery upon him.

85. That at all relevant times herein, defendants, their agents, servants and/or employees were under a duty to protect Mr. Johnson from the violation of his civil rights, menacing, assault, battery, excessive force, brutality, and/or other intentional acts, negligence, recklessness and/or want of care in his unlawful detention and/or arrest by the TPD police officers committing said acts.

86. That at all relevant times herein, defendants, their agents, servants and/or employees menaced, assaulted, battered, and used excessive force, maliciousness and brutality in the arrest, detention and custody of Mr. Johnson.

87. That at all relevant times herein, defendants, their agents, servants and/or employees caused Mr. Johnson to reasonably apprehend that he was about to be harmfully and offensively contacted in his arrest and detention.

88. That at all relevant times herein, defendants, their agents, servants and/or employees offensively contacted and harmed Mr. Johnson during his arrest and detention.

89. That at all relevant times herein, defendants, their agents, servants and/or employees acted in an unsafe and unreasonable manner in the arrest, detention and custody of Mr. Johnson under the circumstances and conditions then and there existing.

90. That at all relevant times herein, defendants, their agents, servants and/or employees were negligent, reckless and intentional in their failure to protect Mr. Johnson from the violation of his civil rights, menacing, assault, battery, excessive force and brutality in his arrest and/or detention.

91. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

92. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Johnson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged

accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

93. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

94. By their foregoing acts, specifically their false arrest and unlawful imprisonment of him, their assault and battery upon him, defendants intended to and did cause the foregoing harm to plaintiff.

95. That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

96. That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in being verbally abusive, intimidating and threatening to him.

97. That at all times relevant herein, defendants, their agents, servants and/or employees acted heinously and beyond the standards of civilized decency.

98. That at all times relevant herein, defendants, their agents, servants and/or employees' conduct was utterly intolerable in a civilized society.

99. That at all times relevant herein, defendants, their agents, servants and/or employees committed these acts in public.

100.      That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Johnson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

101.      Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

102.      That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to refrain from abusing their power and position and from fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

103.      That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that the malfeasance could lead to plaintiff's harm.

104.      That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to conduct themselves properly as public officials and not to abuse their power and position in the manner as set forth above.

105. That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff by abusing their power and position as set forth above.

106. That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to treat plaintiff with courtesy, professionalism and respect.

107. That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that failing and/or refusing to treat plaintiff with courtesy, professionalism and respect could lead to his harm under the circumstances then and there existing.

108. That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to treat him with courtesy, professionalism and respect.

109. That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff in being verbally abusive and intimidating.

110. That solely as a result of the negligence of defendants as aforesaid, Mr. Johnson suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had his civil rights violated, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

111. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

112. Defendants abused the legal process to place Mr. Johnson under arrest.

113. Defendants arrested Mr. Johnson in order to obtain a collateral objective outside the legitimate ends of the legal process.

114. Defendants acted with intent to do harm to Mr. Johnson without excuse or justification.

115. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Johnson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

116. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

117. As a result of the foregoing malicious prosecution, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent

emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### NINTH CAUSE OF ACTION
### NEGLIGENCE

118.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

119.    That defendants were negligent in the false arrests, unlawful imprisonments and malicious prosecution of Mr. Johnson; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of Mr. John contributing thereto; and defendants were negligent in hiring and retaining a persons who were unfit to serve as police officers and who they knew or should have known had dangerous propensities and lack of proper temperament, in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for defendants; and defendants were negligent in its instructions of its police officers by not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of defendants and in training and instructions, among other things of the proper conduct of police officers in making an arrest and what they should do following an arrest of an individual.

120.    That defendants are liable for the conduct of their agents, servants and/or employees by virtue of respondeat superior.

121.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**TENTH CAUSE OF ACTION**
**PUNITIVE DAMAGES**

122.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

123.    Due to the above, Mr. Johnson should be awarded punitive damages as against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

WHEREFORE, plaintiff, **ALFRED JOHNSON**, demands judgment against the defendants stated herein under the all cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, together with attorney fees and the costs and disbursements of this action.

Respectfully submitted:

 /s/ Martin J. McManus
Martin J. McManus
Attorney for Alfred Johnson

## CERTIFICATION

This is to certify that on March 4, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

                     /s/ Martin J. McManus

                     Martin J. McManus